**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV45**

| | | |
|---|---|---|
| **BRENDA LIVESAY, Trustee of the Ronald Livesay and Brenda Livesay Family Trust dated March 26, 1998; BRENDA LIVESAY, Guardian ad Litem for Candice Livesay and Ron Livesay, Jr.; and BRENDA LIVESAY, Individually,** | ) ) ) ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **Vs.** | ) ) | **O R D E R** |
| **CAROLINA FIRST BANK; SAFECO CORPORATION; FIRST NATIONAL INSURANCE COMPANY OF AMERICA; and E. K. MORLEY, Administrator CTA of the Estate of Ronald B. Livesay, Deceased,** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) ) | |

**THIS MATTER** is before the Court on motion of Defendant Carolina

First Bank for entry of default against Plaintiff Brenda Livesay and the

motion to intervene of E. K. Morley in his capacity as the Administrator of

the Estate of Ronald B. Livesay.

## I. PROCEDURAL HISTORY

On February 15, 2006, Defendant Carolina First Bank (Carolina First) removed this action from state court alleging diversity jurisdiction. **Notice of Removal, filed February 15, 2006.** In the complaint, which is attached to the notice of removal, Plaintiff Brenda Livesay (Livesay) alleges that in 1998, she and her husband, Ronald Livesay, executed a family trust which contained assets consisting of an account at Merrill-Lynch and real property located in Henderson County. *See* **Exhibit A,** *attached to* **Complaint.** In November 2002, Livesay's husband executed a deed of trust on the real estate to secure an equity line of credit not to exceed $500,000 in favor of the predecessor corporation of Carolina First. **Complaint, ¶ 11.** At the same time, a promissory noted was executed. *Id.***, ¶ 12.** Livesay's husband died in 2005 and, at the time of his death, he owed money to Carolina First. *Id.***, ¶ 17.** As relief, Livesay seeks declaratory judgment that the deed of trust be set aside and that the assets of the trust are not available to satisfy the debts of the decedent's estate. *Id.***, at 4.**

On February 22, 2006, Carolina First filed its answer with counterclaim. **Defendant Carolina First Bank's Answer to Petition for**

**Declaratory Judgment and Counterclaim, filed February 22, 2006.** In the counterclaim, Carolina First alleges that the Plaintiff's husband executed a promissory note in its favor and the Plaintiff herself executed a guarantee in which she agreed to pay to Carolina First any debt owed to the bank by the family trust. ***Id., at 6.*** When the Livesay family trust defaulted on the equity line, Carolina First accelerated the balance due. ***Id.*** The amount due and owing as of February 15, 2006, was $199,671.54. ***Id.***

On March 24, 2006, Carolina First moved for entry of default against the Plaintiff because she failed to file a reply to the counterclaim. **Carolina First Bank's Motion for Entry of Default, filed March 24, 2006.** The Plaintiff did not file a response to the motion for entry of default; instead, on March 31, 2006, she filed an untimely reply to the counterclaim.

Meanwhile, the Plaintiff effected service on the other two Defendants, First National Insurance Company of America and Safeco Corporation, who filed a joint answer with counterclaim on March 29, 2006. **Answer of Defendants Safeco Corporation and First National Insurance Company of America to Petition for Declaratory Judgment and Counterclaim of Defendant First National Insurance Company of**

**America, filed March 29, 2006.**  The Plaintiff filed her reply on April 7,

2006.  **Reply to Answer with Counterclaim, filed April 7, 2006.**

On June 7, 2006, the Administrator of the Estate of Ronald B.

Livesay moved for leave to intervene in the action as a defendant.  **Motion**

**to Intervene, filed June 7, 2006.**  No party has filed a response to this

motion.

The parties have certified that they have met and conducted the

initial attorney conference[1] and they ask the Court to enter a pretrial order

and case management plan without a formal conference.

## II.  DISCUSSION

The Administrator of the Estate of Ronald B. Livesay (Estate) has

moved for leave to intervene as a defendant in order to assert a defense

and counterclaim.  The Administrator has alleged that the assets of the

Estate are inadequate to satisfy the claims against it; and, he alleges that

the assets of the Trust are available to the Administrator to pay claims

against the Estate.  The Administrator also alleges that the conveyance

---

[1]The Intervenor Defendant did not participate in the initial attorneys'
conference or sign the Certification filed June 8, 2006.

into the Trust by the decedent was done in an attempt to defeat obligations owed to creditors.  It is thus clear that the interests of the Administrator and the Estate are adverse to those of the Plaintiff.

The complaint alleges that this is a declaratory judgment action. While originally filed in state court, had it been filed first in this Court, it is clear that the "Declaratory Judgment Act does not expand federal jurisdiction by creating an independent basis for jurisdiction." **12 *Moore's Federal Practice*, § 57.21[a] (Matthew Bender 3d ed.) (citing *City Nat'l Bank v. Edmisten*, 681 F.2d 942, 944-45 n.6 (4th Cir. 1982)); *accord, Volvo GM Heavy Truck Corp., v. U.S. Dep't of Labor*, 118 F.3d 205, 210 (4th Cir. 1997).**  And, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" **28 U.S.C. § 1332(c)(2).**  Thus, the question is whether allowing the Administrator to intervene as a defendant will destroy diversity jurisdiction since the decedent was a resident of North Carolina.  ***Lincoln Property Co. v. Roches*, 126 S. Ct. 606, 615-16 (2005).**  While none of the parties has addressed this issue, it is always incumbent on the Court to ascertain that it has jurisdiction and the issue must be resolved even if *sua sponte*. ***Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215 (4th Cir. 2001);**

***Plyler v. Moore***, 129 F.3d 728, 732 n.6 (4th Cir. 1997) (citing ***North***

***Carolina v. Ivory***, 906 F.2d 999, 1000 n.1 (4th Cir. 1990)); 28 U.S.C. §

**1447(c) ("A motion to remand the case on the basis of any defect**

**other than lack of subject matter jurisdiction must be made within 30**

**days after the filing of the notice of removal . . . .  *If at any time before***

***final judgment it appears that the district court lacks subject matter***

***jurisdiction, the case shall be remanded.***").

Title 28 U.S.C. § 1367(b) provides in pertinent part:

In any civil action of which the district courts have original
jurisdiction found solely on [diversity jurisdiction], the district
courts shall not have supplemental jurisdiction . . . of claims by
plaintiffs against persons made parties under Rule . . . 24 . . .
when exercising supplemental jurisdiction over such claims
would be inconsistent with the jurisdictional requirements of
[diversity jurisdiction].

**28 U.S.C. § 1367(b).**

Under Section 1367, one may intervene as a defendant and
then assert a counterclaim against a nondiverse plaintiff[.]
However, the plaintiff may not respond with a claim against a
nondiverse intervenor because it is a claim made by a plaintiff
against a person made a party under Rule 24, a result
expressly prohibited by Section 1367(b).  . . .  Under judicial
construction of Section 1367, a party may not intervene as a
defendant solely for the purpose of asserting a claim against a
nondiverse plaintiff.  The intervenor must be potentially liable to
the plaintiff on the primary claim in order to be treated as a
defendant to whom supplemental jurisdiction may apply under

> Section 1367(b). . . .  [N]onplaintiff intervenors entitled to the exercise of supplemental jurisdiction for their claims are those who must intervene to defend or protect interests put at issue by the original action, and likely to be lost without the party's intervention.

**16 *Moore's Federal Practice*, § 106.24.**  Such is the case here: if the Administrator is not allowed to intervene, then a declaratory judgment declaring the interests of the parties would be rendered without consideration of the position of the Estate.  Since the only assets from which the Estate may satisfy its obligations are those contained within the trust, the Administrator would be severely prejudiced by not being able to assert his case in this proceeding.

In addition, no party has responded to the motion to intervene and the time within which to do so has expired.  The Court, therefore, concludes there are no objections and will allow the intervention.  Despite the anomaly, the Court further concludes that allowing this intervention will not destroy diversity jurisdiction.  ***Development Finance Corp. v. Alpha Housing & Health Care, Inc*., 54 F.3d 156, 161 (3d Cir. 1995) ("We conclude that § 1367(b) does not deprive the district court of supplemental jurisdiction over a counterclaim . . . raised by an intervening defendant, even where the intervenor shares citizenship**

with an original party."); *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 727 (2d Cir. 2000); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th Cir. 1998) ("Thus, the limitation of § 1367(b) applies only to *plaintiffs'* efforts to join nondiverse parties.").

As to the motion for entry of default, the Plaintiff filed an untimely reply to the counterclaim of Carolina First. That entity has not moved to strike the reply and the Court, therefore, will deem the reply timely filed.

### III. ORDER

IT IS, THEREFORE, ORDERED that the motion for entry of default is hereby **DENIED,** and the Plaintiff's reply to the counterclaim of Carolina First is deemed timely filed.

IT IS FURTHER ORDERED that the motion for leave to intervene is hereby **GRANTED**, the Answer with Counterclaim is deemed filed, and the Administrator shall be added as a party Defendant.

IT IS FURTHER ORDERED that, inasmuch as the Administrator did not participate in the initial attorneys' conference, he shall advise the Court within ten days following entry of this Order as to whether or not a formal pretrial conference before the undersigned is necessary.

Signed: July 14, 2006

Lacy H. Thornburg
United States District Judge