# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:06CV45

| | |
|---|---|
| BRENDA LIVESAY, Trustee of the Ronald Livesay and Brenda Livesay Family Trust dated March 26, 1998; BRENDA LIVESAY, Guardian ad Litem for Candice Livesay and Ron Livesay, Jr.; and BRENDA LIVESAY, Individually, <br><br> Plaintiff, <br><br> Vs. <br><br> CAROLINA FIRST BANK; SAFECO CORPORATION; FIRST NATIONAL INSURANCE COMPANY OF AMERICA; and E. K. MORLEY, Administrator CTA of the Estate of Ronald B. Livesay, Deceased, <br><br> Defendants. | <u>O R D E R</u> |

**THIS MATTER** is before the Court *sua sponte* regarding recent stipulations filed by the parties purporting to dismiss certain claims to this litigation pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

Plaintiff Brenda Livesay and Defendant Carolina First Bank [Carolina First] have filed stipulations dismissing Plaintiff's first cause of action and

Carolina First's counterclaim against Plaintiff.  **Stipulation of Dismissal by Carolina First, filed December 15, 2006.**  Plaintiff and Defendant First National Insurance Company of America/Safeco Corporation [First National/Safeco] have also stipulated to the dismissal of First National/Safeco's counterclaim against Plaintiff.  **Stipulation of Dismissal by First National/Safeco, filed January 31, 2007.**  E.K. Morley, the intervening Administrator of the decedent's estate [the Administrator], and Plaintiff have also stipulated to the dismissal his second counterclaim asserted against Plaintiff.  **Stipulation of Dismissal by E.K. Morley, filed December 29, 2006.**

Rule 41(a)(1) states, in pertinent part, *"an action* may be dismissed by the plaintiff without order of court . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."  **Fed. R. Civ. P. 41(a).  *See also Gahagan v. North Carolina Highway Patrol*, 2000 WL 33946065, at *2 (W.D.N.C. 2000) ("Rule 41 . . . speaks only to the dismissal of 'actions.'").**  If a plaintiff wishes to dismiss particular claims within an action, "[r]ather than a Rule 41 dismissal, the [p]laintiff should seek to amend [her] complaint by meeting the requirements of Rule 15."  *Gahagan*, 2000 WL 33946065, at *2 (citing *Management Investors*

*v. United Mine Workers of America*, 610 F.2d 384, 395 (6th Cir. 1979)); *see also Moore's Federal Practice 3d,* 41, 21[2] ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (citing *Skinner v. First Am. Bank of Virginia*, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir. 1995)). This requirement does not only apply to initial claims filed by a plaintiff against a defendant, but to counterclaims, cross-claims, and third-party claims as well. **Fed. R. Civ. P. 41(c) ("provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim.").**

In the present case, Plaintiff and Defendant Carolina First have stipulated to the dismissal of Plaintiff's first cause of action, leaving her second and third original causes of action remaining. Furthermore, the Administrator and Plaintiff have stipulated to the dismissal of the Administrator's second cause of action asserted against Plaintiff, leaving his first cause of action against Plaintiff untouched. These stipulations, made pursuant to Rule 41(a)(1), are insufficient under the Federal Rules of Civil Procedure and, therefore, are rejected by the Court. Instead, Plaintiff and the Administrator may file their separate and respective stipulations of

voluntary dismissal pursuant to Rule 41(a)(1)(ii), signed by all parties, which dismisses their respective actions in their entirety; file separate and respective stipulations amending their pleadings pursuant to Rule 15(a), signed by all parties, to dispose of the unwanted claims or causes of action; or notify the Court of the failure to do so, within 15 days from entry of this Order.

Because Defendants Carolina First and First National/Safeco filed stipulations to dismiss their respective counterclaims in their entirety pursuant to Rule 41(a)(1), the Court may and does accept these stipulations of dismissal.

**IT IS, THEREFORE, ORDERED** that the Plaintiff and the Administrator comply with the instructions contained herein within 15 days from service of this Order.

Signed: March 14, 2007

Lacy H. Thornburg
United States District Judge