# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:06CV45

| | | |
|---|---|---|
| BRENDA LIVESAY, Trustee of the Ronald Livesay and Brenda Livesay Family Trust dated March 26, 1998; BRENDA LIVESAY, Guardian ad Litem for Candice Livesay and Ron Livesay, Jr.; and BRENDA LIVESAY, Individually, | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | **MEMORANDUM AND ORDER OF REMAND** |
| CAROLINA FIRST BANK; SAFECO CORPORATION; FIRST NATIONAL INSURANCE COMPANY OF AMERICA; and E. K. MORLEY, Administrator CTA of the Estate of Ronald B. Livesay, Deceased, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on Plaintiff's motion to dismiss or, in the alternative, to remand to state court, and Defendants' joint motion for partial summary judgment.

# I. PROCEDURAL HISTORY

This Court has previously summarized the factual background of this case and will, therefore, recite only the facts necessary for disposition as well as summarize the procedural history of the case since its previous Order.  **See Order, filed July 14, 2006, at 2-4.**

Plaintiff Brenda Livesay originally filed this action for declaratory judgment in the state court of Henderson County, North Carolina, to determine whether her deceased husband's creditors[1] could access certain trust property (hereinafter "The Family Trust") to satisfy the decedent's debts.  **Complaint, filed December 30, 2005.**  Specifically, Plaintiff asserted three causes of action – the first and second of which were asserted only against Carolina First and the third asserted solely against First National/Safeco.  **Id.**  On February 15, 2006, Defendant Carolina First removed this action to this Court pursuant to 28 U.S.C. § 1332, and Defendant First National/Safeco consented to removal.  **Notice of Removal, filed February 15, 2006.**  At this point, Plaintiff did not file a motion to remand.  Carolina First filed an answer to Plaintiff's complaint as

---

[1] The decedent's creditors consist of Defendants Carolina First Bank ("Carolina First") and First National Insurance Company/Safeco Corporation ("First National/Safeco").

well as a counterclaim. **Answer by Carolina First, filed February 22, 2006.** First National/Safeco also filed their answer to Plaintiff's complaint as well as a counterclaim against Plaintiff. **Answer by First National/Safeco, filed March 29, 2006.** This Court then allowed the Administrator of decedent's estate, E.K. Morley, to intervene in this action and assert a counterclaim for declaratory judgment against Plaintiff which would allow the creditors to reach the trust property to satisfy the decedent's debts. *See* **Order, filed July 14, 2006, at 4-5, 8.** No party objected to the Administrator's motion to intervene before the Court filed its order. *Id.* **at 4.**

Since the July order, discovery has been completed, and the parties have attempted to make a number of stipulations concerning specific claims in this litigation. Plaintiff and Defendant Carolina First have filed stipulations dismissing Plaintiff's first cause of action and Carolina First's counterclaim against Plaintiff. **Stipulation of Dismissal by Carolina First, filed December 15, 2006.** Plaintiff and Defendant First National have also stipulated to the dismissal of First National's counterclaim against Plaintiff. **Stipulation of Dismissal by First National/Safeco, filed January 31, 2007.** The Administrator has also stipulated to and dismissed

his second counterclaim against Plaintiff.  **Stipulation of Dismissal by E.K. Morley [Administrator], filed December 29, 2006.**  However, as detailed in this Court's previous Order, the parties' stipulations dismissing Plaintiff's first cause of action against Defendant Carolina First and the Administrator's second counterclaim against Plaintiff were rejected by this Court for failing to comply with the Federal Rules of Civil Procedure, and the parties were given the opportunity to correct these mistakes by amending their pleadings as desired.  **Order, filed March 15, 2007.**  The Administrator has since filed a motion to amend his pleading, which would assert only his original first counterclaim against Plaintiff and remove his second counterclaim; the motion was allowed and subsequently amended by the Administrator.  **Administrator's Motion to Amend, filed March 29, 2007; Order Granting Motion to Amend, filed April 18, 2007; Administrator's Amended Answer, filed May 1, 2007.**  Plaintiff, on the other hand, expressly rejected the Court's offer to amend her pleading by removing her first cause of action against Defendant Carolina First.  **Plaintiff's Compliance with Order, filed March 26, 2007.**

Therefore, Plaintiff's first cause of action asserted against Defendant Carolina First remains in effect.  The other stipulations filed by the parties

dismissing Defendant Carolina First's and Defendant First National's respective counterclaims against Plaintiff were accepted by the Court. **Order, filed March 15, 2007, at 4.** The following motions are ripe for disposition: 1) Defendants' joint motion for partial summary judgment as to Plaintiff's second and third causes of action, as well as the Administrator's first counterclaim; and 2) Plaintiff's motion to dismiss based upon an alleged lack of subject matter jurisdiction due to the Administrator's intervention in this matter, or in the alternative a motion to remand to state court. **Defendant's Joint Motion for Partial Summary Judgment, filed November 10, 2006; Plaintiff's Motion to Dismiss or, in the alternative, Motion to Remand, filed January 3, 2007.**

## II. ANALYSIS

Plaintiff has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h) for lack of subject matter jurisdiction, or in the alternative, to remand under the Declaratory Judgment Act. Plaintiff argues the "real parties to this dispute are the plaintiff in her various capacities and the Estate of Ronald B. Livesay [represented by the Administrator]," and thus, because the two "real

parties" to the suit are citizens of North Carolina, diversity jurisdiction does not exist.  Furthermore, Plaintiff asserts this Court should abstain from ruling on this matter by remanding this action to state court based upon "matters of federalism, comity and efficiency."  **Plaintiff's Reply to Defendant's Response Opposing Plaintiff's Motion for Dismissal, filed January 30, 2007, at 2 (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994)).**

At the outset, the Court notes Defendant is incorrect in arguing that Plaintiff's motion for remand is untimely.  Once a case is removed from state to federal court under 28 U.S.C. §§ 1441 and 1446, a motion to remand the case back to state court "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]"  **28 U.S.C. § 1447(c).**  However, "[t]he thirty-day limitation applies only to objections to defects in removal procedure."  ***State v. Ivory*, 906 F.2d 999, 1000 n.1 (4th Cir. 1990).**  Although Plaintiff's motion to remand, which challenges the Court's ability to exercise jurisdiction over the subject matter of this case, is brought nearly one year after the case was first removed, the motion is nevertheless permissible.

Plaintiff's arguments for dismissal, however, are unpersuasive. Plaintiff, who initially filed this suit against Defendants Carolina First and First National/Safeco is now asking this Court to either dismiss or remand the case to state court on the grounds that the "real" defendant to her law suit – the decedent's estate – is a party she never actually sued nor asserted claims against since its involvement in the action. Plaintiff's theory seems to be that allowing the Administrator to intervene in the present case caused the suit to morph into an action solely between Plaintiff and the intervenor, with the original defendants cast aside. Such a theory is simply inconceivable, and thus this portion of Plaintiff's argument fails. Plaintiff's subsequent argument that allowing the Administrator to intervene in this action deprives this Court of subject matter jurisdiction is similarly unsuccessful. This Court previously addressed this particular issue *sua sponte*. ***See* Order, filed July 14, 2006, at 5-7.** In that order, this Court concluded allowing the Administrator to intervene would not destroy diversity and deprive this Court of subject matter jurisdiction. *Id.* As Plaintiff has failed to present additional grounds for the motion to dismiss other than those already addressed by the Court six months ago, Plaintiff's motion to dismiss will be denied.

Similarly, Plaintiff's attempt to invoke the United States Supreme Court's "probate exception" is also unpersuasive.  The "probate exception" to federal jurisdiction essentially prohibits federal courts from interfering with the traditionally state-specific probate process.  ***See* Plaintiff's Brief, *supra*, at 8-9 (citing *Marshall v. Marshall*, 547 U.S. 293 (2006)).** However, Plaintiff's explanation of the Supreme Court's probate exception is a limited one which does not encompass the Court's entire explanation of the rule.  The Supreme Court first described the probate exception in *Markham v. Allen*, where the Court stated,

> It is true that a federal court has no jurisdiction to probate a will or administer an estate . . . .  *But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.*

> Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court . . . *it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession* save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

***Markham*, 326 U.S. 490, 494 (1946) (emphasis added) (internal citations omitted).** The Supreme Court clarified its decision in *Markham* 60 years later in *Marshall v. Marshall*, where the Court affirmed the reasoning of *Markham* and explained,

> [W]hen one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res.* Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; [the exception] also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. *But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.*

***Marshall v. Marshall*, 547 U.S. 293, __, 126 S. Ct. 1735, 1748 (2006) (emphasis added) (internal citations omitted).** Although the Supreme Court prohibits the federal courts from essentially administering the probate process over an estate, the Court nevertheless allows federal courts to determine certain aspects of a probate estate, such as the rights of creditors in the estate, so long as the court's actions do not actually dispose of the estate or otherwise assume control over the property contained in the estate.

Clearly, this is a "grey area" of the law, as a determination of creditor's rights effectively opens the door for a particular distribution of the

probate estate.  Nevertheless, the Supreme Court allows federal courts to determine mere legal matters such as the declaration of creditor's rights in an estate.  *See id.*  Accordingly, the undersigned finds the "probate exception" does not deprive this Court of jurisdiction over the present matter, and Plaintiff's motion to dismiss will be denied.  However, as discussed below, the exception's reasoning is a factor to consider in addressing Plaintiff's motion to remand.

Plaintiff's alternative motion asks this Court to exercise its discretion and remand the present case back to state court.  In support of her motion, Plaintiff correctly notes the Declaratory Judgment Act gives this Court the *discretion* to issue a declaratory judgment in this matter.  ***See* Plaintiff's Brief,** *supra***, at 6; 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading,** *may* **declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.") (emphasis added).**  Furthermore, Plaintiff also asserts the Court should abstain from ruling in this case due to "matters of federalism, comity and efficiency."  **Plaintiff's Reply,** *supra* **(citing** *Nautilus Ins. Co., supra***).**  Specifically,

Plaintiff notes that the present dispute concerns the application of "the recently enacted North Carolina Uniform Trust Code to the issues before this Court." *Id.* **at 5.** Because "[n]o North Carolina cases have addressed this new statute," Plaintiff contends "there is a strong state interest in having any issues relating to the Uniform Trust Code decided by North Carolina courts to avoid unnecessary entanglement between state and federal courts." *Id.* Further, Plaintiff asserts "the issue as to whether or not the assets of the Livesay Family Trust can be reached to satisfy the claims of the decedent's creditors is contingent on decisions which must be initially determined by the Clerk of Superior Court of Henderson County as to the nature and extent of the decedent's assets and as to the nature and extent of the decedent's debts. None of these determinations have been made." *Id.* **at 2.** Therefore, Plaintiff states, "[o]nly after a determination has been made as to the amount of indebtedness of the estate of Ronald B. Livesay and the nature and extent of the assets belonging to said estate will it become ripe to determine whether or not the assets of the Family Trust can be applied to the payment of such debts." *Id.* **at 4.**

Though the Court is somewhat mystified at Plaintiff's assertion that her own case is not ripe, the Court agrees that this dispute should be

resolved in state court. To begin, the undersigned once again notes that federal district courts have "great latitude in determining whether to assert jurisdiction over declaratory judgment actions." ***Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.***, **139 F.3d 419, 422 (4ᵗʰ Cir. 1998).** In exercising this discretion, the Fourth Circuit has articulated four factors for the district courts to consider regarding remand of a removed declaratory judgment action: "(1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of 'overlapping issues of fact or law' might create unnecessary 'entanglement' between the state and federal courts; and (4) whether the federal action is mere 'procedural fencing,' in the sense that the action is merely the product of forum-shopping." ***United Capitol Ins. Co. v. Kapiloff***, **155 F.3d 488, 493-94 (4ᵗʰ Cir. 1998) (citing *Nautilus Ins. Co.*, at 377).** These factors apply regardless of whether there is a parallel proceeding pending in state court. ***Aetna*, 139 F.3d at 423 ("There is no requirement that a parallel proceeding be pending in state court before a federal court should decline to exercise jurisdiction over a declaratory judgment action. Rather . . . 'the existence or nonexistence of a state court**

**action is simply one consideration relevant to whether to grant**

**declaratory relief.'") (footnotes omitted).**

Plaintiff's suit for declaratory judgment ultimately concerns the
retroactive applicability of the North Carolina Uniform Trust Code [the
Code], enacted by the North Carolina General Assembly on January 1,
2006.  **N.C. Gen. Stat. § 36C-1-101 – 11-1103.**  The official comment to
the North Carolina Uniform Trust Code states the new legislation was
meant to apply to

> all trusts created before, on, or after that date; (ii) all judicial
> proceedings concerning trusts commenced on or after that
> date; and (iii) *judicial proceedings concerning trusts
> commenced before that date unless the court finds that
> application of a particular provision of [the North Carolina
> Uniform Trust Act] would substantially interfere with the
> effective conduct of the judicial proceedings or prejudice the
> rights of the parties, in which case the [North Carolina Uniform
> Trust Act] does not apply and the superseded law applies.*

**N.C. Gen. Stat. § 36C-1-101 cmt. (emphasis added).**  Turning to the
specific section of the Code that appears to control this dispute, the Code
states that, regardless of the type of trust,

> [a]fter the death of a settlor, and subject to the settlor's right to
> direct the source from which liabilities will be paid, the property
> of a trust that was revocable at the settlor's death is subject to
> claims of the settlor's creditors . . . to the extent that the
> settlor's probate estate is inadequate to satisfy those claims,
> costs, expenses, and allowances.

**N.C. Gen. Stat. § 36C-5-505(a)(3).** The General Assembly notes this particular section of the Code was written to be "generally consistent with North Carolina case law with respect to the ability of a creditor to reach the property in a trust for the benefit of the settlor." **N.C. Gen. Stat. § 36C-5-505 N.C. cmt. (citing *Pilkington v. West*, 246 N.C. 575, 580, 99 S.E.2d 798, 802 (1957)).**

Considering the four factors listed above from the Fourth Circuit, as well as the General Assembly's comments to the newly enacted Code, it is clear to the undersigned that not only does North Carolina have a very strong interest in resolving this matter in its own courts, but resolution of the case by this Court would be inefficient and create an unnecessary entanglement between federal and state courts. Plaintiff's action for declaratory judgment was filed December 30, 2005 – a mere two days before the new version of the Code was enacted on January 1, 2006. Nevertheless, because this action was initiated before the Code took effect, resolving this dispute would require this Court to determine whether "application of a particular provision of [the new Code] would substantially interfere with the effective conduct of the judicial proceedings or prejudice the rights of the parties" before applying any provisions of the new Code to

the present dispute.  To make such a determination, the Court would be required to essentially validate the North Carolina General Assembly's belief that the new Code conforms with current North Carolina law by examining the similarities and differences between Plaintiff's rights under the old North Carolina Uniform Trust Code and accompanying court precedent and Plaintiff's rights under the new version of the Code.

Unfortunately, this Court's research reveals no North Carolina cases addressing the retroactive application of the newly enacted North Carolina Uniform Trust Code or the general application of § 36C-5-505 of the Code. Therefore, were this Court to rule on the matter, it would become the first court to interpret and apply a new state law – a task which the undersigned does not feel is appropriate for a federal court to undertake and which certainly belongs in the hands of the North Carolina state courts.  North Carolina courts have a strong interest in interpreting and applying matters of first impression arising under the state's newly passed legislation which affects its citizens.  They, along with every other state, also have a very strong interest in matters regarding the administration of its citizens' estates, a service long attributed to state courts and evidenced by the existence of the Supreme Court's "probate exception."  ***See Markham,***

*supra*; *Marshall*, *supra*. For this Court to "step into the shoes" of the North Carolina courts at this point in the new Code's life would unnecessarily entangle the roles of federal and state courts. Further, because the final administration of the decedent's estate will be addressed by a North Carolina court, it would be much more efficient for the North Carolina courts to determine all aspects of this particular decedent's estate, rather than splitting issues between federal and state courts and prolonging any litigation concerning this estate. If Plaintiff's arguments concerning the ripeness of this matter are true, the North Carolina courts have a number of issues to resolve before turning their attention to this matter, which only reemphasizes this Court's belief that it would be much more efficient to have this entire dispute determined in the North Carolina courts. Simply put, despite the parties having conducted discovery while in this Court, the most appropriate forum for this case is clearly the courts of North Carolina.

Therefore, the Court finds the Plaintiff's motion to dismiss and the alternative motion to remand are timely as they challenge this Court's subject matter jurisdiction over the present case. Plaintiff's motion to dismiss for lack of subject matter jurisdiction is denied because the Court

finds subject matter jurisdiction over the present dispute can exist. However, because North Carolina has such a strong interest in resolving issues of first impression arising under its newly enacted legislation, and because the undersigned does not wish to entangle the roles of federal and state courts nor decrease the efficiency of the judicial process, this Court chooses not to exercise jurisdiction over the present case. The case will be remanded back to the North Carolina courts for further proceedings. Accordingly, Defendants' joint motion for partial summary judgment will be denied as moot.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand is **GRANTED** and the case is hereby remanded to the General Court of Justice, Superior Court Division, of Henderson County, North Carolina.

**IT IS FURTHER ORDERED** that Defendants' joint motion for partial summary judgment is **DENIED AS MOOT.**

18

Signed: May 9, 2007

Lacy H. Thornburg
United States District Judge